*Formatted for Electronic Distribution*                                    *Not for Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

In re:

**Joseph R. Herrmann and**                  Filed & Entered                **Chapter 13 Case**
**Evelyn L. Herrmann,**                       On Docket                     **# 08-10838**
                        **Debtors.**         February 17, 2011


**ORDER**
**GRANTING THE DEBTORS' MOTION TO DISMISS CHAPTER 13 CASE**

On January 5, 2011, this Court entered an Order (doc. # 38) setting a hearing on the Debtors' motion to approve a proposed amended plan[1] because the Debtors had failed to file documentation specifying the source of funds for the additional payments.  A few hours later, the Debtors withdrew their motion to approve the proposed amended plan, and the next day they filed a motion to dismiss the instant Chapter 13 case (doc. # 40).  The motion to dismiss set forth no grounds or explanation; it merely referred to Federal Rule of Bankruptcy Procedure 1017(f)(2) and recited that the Debtors' case had not been previously converted.  The Court held a preliminary hearing on the motion to dismiss on January 11, 2011, and entered an Order on January 21, 2011, setting the matter for evidentiary hearing on the question of whether the Debtors had acted in good faith and whether they had a right to dismiss their case under these particular circumstances (doc. # 43).  On January 27, 2011, the Debtors filed a pre-trial memorandum of law in support of their motion to dismiss (doc. # 46).  The Chapter 13 Trustee filed his consent to the Debtor's motion to dismiss on January 31, 2011, based upon the information and authorities presented in the Debtors' memorandum.

The Court held an evidentiary hearing on the Debtors' motion to dismiss on February 15, 2011, at which Jess T. Schwidde, Esq., appeared on behalf of the Debtors and Jan M. Sensenich, Esq., appeared as the Chapter 13 Trustee; Mr. Herrmann testified.  The Court entered a ruling on the record at that hearing, and enters this Order to articulate its rationale.

The Debtors argues that they have an absolute right to dismiss their chapter 13 case and no inquiry into their good faith in seeking dismissal is warranted.  This Court holds that when the facts and circumstances of a case demonstrate that a debtor has acted in bad faith, the Court has discretion to deny their motion to dismiss a chapter 13 case and order the case converted to chapter 7.  Since the record in this case indicated that the Debtors failed to disclose a post-petition inheritance, an evidentiary hearing was necessary to ascertain whether they had acted in bad faith.

---

[1]  This document was filed as a "stipulation of additional plan payments" (doc. # 33).

In <u>Marrama v. Citizens Bank of Massachusetts</u>, 549 U.S. 365 (2007), the Supreme Court held that a debtor's right to convert is subject to a finding that the debtor has not acted in bad faith.  More recent cases have concluded that a debtor's right to dismissal under 11 U.S.C. § 1307[2] is likewise subject to a finding that the debtor has not acted in bad faith.  <u>See</u> <u>Jacobsen v. Moser (In re Jacobsen)</u>, 609 F.3d 647 (5th Cir. 2010); <u>In re Armstrong</u>, 408 B.R. 559, motion granted by 409 B.R. 629 (Bankr. E.D.N.Y. 2009); <u>In re Caola</u>, 422 B.R. 13 (Bankr. D.N.J. 2010).  The Court finds that these cases are applicable, and that the Debtors' right to dismiss under § 1307(b) is subject to a finding that the Debtors have not acted in bad faith.

Based upon the credible and persuasive testimony Mr. Herrmann presented at the hearing, the Court finds that, although the Debtors initially failed to disclose an inheritance they received in September 2010, this was an oversight due at least in part to the stress of the Debtors' illnesses and the death of Mrs. Herrmann's mother.  The Court further finds that the Debtors have not acted in bad faith and therefore there is no bar to the voluntary dismissal of their case under § 1307(b).

Accordingly, IT IS HEREBY ORDERED that the Debtors' motion to dismiss the instant Chapter 13 case is GRANTED.

SO ORDERED.

February 17, 2011                                    Colleen A. Brown
Burlington, Vermont                                  United States Bankruptcy Judge

---

[2] All statutory citations refer to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.

2